*In the matter of the Petition of* NANCY E. FREEMAN, *for a Writ of Habeas Corpus.*

CUSTODY OF CHILD — *Habeas Corpus* — *Review of Evidence.* The case of *In re Clyne,* 52 Kas. 441, followed.

### *Original Proceeding in Habeas Corpus.*

PETITION filed in this court November 19, 1894, by *Nancy E. Freeman* (formerly Nancy E. Bennett), praying that a writ of *habeas corpus* issue to Harry V. S. Bennett and J. H. Harris, etc.; and thereupon said writ was duly issued. On December 4, 1894, the respondents made their return thereto, as follows:

"Now come Harry V. S. Bennett and J. H. Harris, respondents herein, and for their return to the writ issued herein, say that, in obedience to its requirements, they have before the court the said Thomas Bennett. They further state that said Harry V. S. Bennett is the father and natural guardian of said Thomas Bennett; that said Harry V. S. Bennett and the petitioner, at the time of their separation, mutually agreed that said father should have the custody, care, nurture and

education of said boy; that said boy was by said father placed in charge of Mrs. J. H. Harris, the sister of said Harry V. S. Bennett, and wife of said J. H. Harris; that said father has not neglected said boy, and said boy is receiving the kindest and best of treatment, and his moral and mental welfare is carefully nurtured, educated, and guarded; that the district court of Greenwood county, Kansas, in the decree divorcing said Harry V. S. Bennett from the petitioner, in accordance with the agreement of said parties, gave said father the custody of Thomas. Respondents deny all the allegations of the petition herein material thereto, not herein admitted or otherwise stated. Respondents further say, that on the 17th day of October, 1894, petitioner filed in said divorce action a motion to vacate the order granting the plaintiff therein (said Harry V. S. Bennett) the custody of said child, and modifying same so that petitioner herein should have his custody (a duly certified copy of said motion is hereto attached, and made a part hereof, marked 'A'); that on the 8th day of November, 1894, said motion came on for hearing before said district court, and was by judgment of said court denied (a copy of said judgment, duly certified to, is hereto attached, marked 'B'). The respondents further say, that petitioner and her husband are not fit persons to intrust with the care, custody and education of said child.

"Wherefore respondents pray that the petition be dismissed, and that they have judgment for costs herein expended, and for all proper relief."

On Saturday, the 8th day of December, 1894, *T. L. Davis*, appearing for petitioner, and *W. S. Martin*, for respondents, before the supreme court of the state of Kansas, in session at the supreme court room, in the city of Topeka, the following proceeding was had, and remains of record at page 474 of journal " V " of the said court:

" In the matter of the application of NANCY E. FREEMAN for a writ of *habeas corpus*, for the custody of the minor child, Thomas Bennett.

" This cause comes on for decision, and thereupon it is ordered and adjudged, that this petition for the writ of *habeas corpus* for the possession of the minor child, Thomas Bennett, be denied, and that said child be remanded to the custody of the father, Harry V. S. Bennett, upon the authority

of *In re Clyne,* 52 Kas. 441, and especially upon the law as declared in subdivision 4 of the syllabus of that case. It is further ordered, that this petitioner, the mother of the child, be allowed to see her minor child, Thomas Bennett, on occasions suitable and proper for all parties, to be agreed upon by them, at the home of his grandfather, N. B. Caldwell; and that, in case of disagreement between the mother and father of the child as to the matter of meeting and seeing the child at the home of his grandfather, application shall be made to the district court of Greenwood county for an order fixing the times and terms for such meetings as are reasonable and proper. It is further ordered, that neither the father, Harry V. S. Bennett, nor J. H. Harris, nor his wife, shall take or remove said minor child from the county of Greenwood, unless the permission of the district court of that county be first had and obtained, after a hearing, of which this petitioner, Nancy E. Freeman, shall have received due notice. It is further ordered, that the petitioner pay the costs of this proceeding, taxed at $——; and hereof let execution issue."